# W. S. MORTON v. STATE.

No. A-6048.  Opinion Filed Aug. 3, 1927.
(258 Pac. 1070.)

Mounts & Chamberlin, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.  The information in this case charges that W. S. Morton, in Tillman county, May 15, 1925, did have the possession of "one pint of whisky, with the unlawful intention then and there on the part of him, the said W. S. Morton, of conveying and transporting said liquors from one point in this state to another point in said state to your informant unknown."  Upon the trial the jury returned a verdict of guilty and fixed his punishment at a fine of $100 and imprisonment in the county jail for 60 days.  Motion for new trial was filed and overruled.

From the judgment entered in pursuance of the verdict he appeals.

It appears that when the case was called for trial the copy of the information furnished to the defendant had no witnesses' names indorsed thereon.  For which

reason the defendant stated that he was not ready for trial. Thereupon the state offered in evidence the recorded copy of the original information, and asked to substitute a carbon copy in place of the original information, to which the defendant objected, and further objected on the ground that the names of the witnesses were not indorsed on the information. Objections overruled.

E. I. May, night policeman, testified he found the defendant sleeping, lying on the steering wheel of his car; that he searched the car and found some whisky in a jar and arrested the defendant. The sheriff produced the jar and testified that it was in the same condition now as when turned over to him by Mr. May, and it contained about a half pint of whisky.

The state rested, and the defendant demurred to the evidence and moved the court for an instructed verdict of not guilty. Both of which were overruled.

Objection is made to that part of the second paragraph of the instruction given, which states:

"You are instructed that, under the law of this state, it is unlawful for any person to have in his possession any amount of whisky with the intent of violating the prohibitory liquor laws of Oklahoma, and under the facts and evidence in this case the question of the amount of intoxicating liquor found in the possession of the defendant is not material, and you are to judge from the evidence facts and circumstances as to whether or not the defendant had any intention of violating the prohibitory liquor laws of the state of Oklahoma.

"Excepted to by the defendant before same is given to the jury and exceptions allowed. P. V. Ruch, County Judge."

The specific charge in the information is possession with the unlawful intent to convey from one point to

another. Therefore this instruction is erroneous and should not have been given.

Without considering the other assignments of error, it will suffice to say that the evidence is insufficient to show an intent to convey said liquor.

For the reasons stated, the judgment is reversed.

EDWARDS and DAVENPORT, JJ., concur.